UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHALLENGE MFG. CO., LLC,            )<br>          Plaintiff,            )<br>                                             )<br>-v-                                         )<br>                                             )<br>SHAMROCK INTERNATIONAL FASTENER LLC,   )<br>          Defendant.            )<br>                                             ) | No. 1:21-cv-726<br><br>HON. PAUL L. MALONEY |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff Challenge Mfg. Co. LLC's motion for a temporary restraining order (ECF No. 1-1 at PageID.86). Challenge seeks to enjoin one of its parts suppliers, Defendant Shamrock International Fastener LLC, from taking any actions that violate the parties' contracts.

Challenge has contracts to supply automotive assemblies for GM, Tesla, Stellantis (formerly Chrysler), Honda, and Ford. Challenge then contracts with suppliers for various parts, including Shamrock. At issue here are 16 Shamrock parts. Since March 2021, Shamrock has been seeking price increases and extended lead times for production on those parts. The parties negotiated some changes to their contracts, but discussions have broken down. Shamrock recently informed Challenge that if Challenge did not immediately dismiss its complaint against Shamrock, Shamrock was "fully prepared to cancel any pending orders with Challenge." (Amended Complaint, ECF No. 1-1 at PageID.42, ¶ 42). Challenge now seeks this temporary restraining order to prevent the "chaos" that will result if Shamrock carries through with that threat.

The decision to grant or deny a temporary restraining order falls within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion."). The court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Id.* at 361 (quoting *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009. For the first two factors, the probability of success on the merits that a plaintiff must show is inversely proportional to the degree of irreparable harm that the plaintiff would suffer if a temporary restraining order is not issued. *Id.*

The Court finds that Challenge has met its burden.

First, it has demonstrated a strong likelihood of success on the merits of at least some of its claims. At a minimum, Challenge appears likely to prevail on its claim that Shamrock has breached the parties' contract. The contract states that Shamrock is required to supply Challenge's requirements of the 16 parts at the agreed-upon price for "the Life of the Program," and that Shamrock would be in default upon a "breach, repudiate[ion], or threaten to breach any term" of the contract (*see Standard Terms of Purchases of Goods or*

2

*Services*, ECF No. 1-1 at PageID.69, § 3 and PageID.78, § 18(a)). Thus, Shamrock's threat to stop supplying the parts appears to be a breach of the contract.

Second, Challenge has alleged that it will suffer irreparable harm if the temporary restraining order is not issued. If Shamrock fails to deliver parts to Challenge, Challenge will be unable to manufacture and deliver parts to GM, Tesla, Stellantis, Honda, and Ford. This could delay the automotive manufacturer's production lines, and it might result in Challenge losing goodwill with the automotive manufacturers. The Sixth Circuit has found that such harm is irreparable. *See TRW, Inc. v. Indus. Sys. Assocs. Inc.*, 47 F. App'x 400 (6th Cir. 2002) (per curiam) (finding irreparable harm where an automobile component supplier would have to shut down its operations); *Basicomputer Corp. v. Scott*, 973 F. 2d 507, 512 (6th Cir. 1992) (finding that the loss of customer goodwill often amounts to irreparable harm).

Finally, the equities weigh in favor of granting Challenge the temporary relief it seeks. It appears to the Court that some third parties may be harmed without injunctive relief, if production delays resulted at major automotive manufacturers. And the public interest is best served by holding parties to the terms of their agreement. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007).

Having found that all factors weigh in favor of granting Challenge's motion for a temporary restraining order, it is hereby **ORDERED** that:

1. Shamrock shall respond to the motion for a preliminary injunction no later than **12:00 p.m. (noon) on August 27, 2020.**

2. The Parties shall appear before the Court at **1:30 p.m. on Wednesday, September 1, 2021**, at which time Shamrock shall **SHOW CAUSE**, if any, why Challenge's motion for a preliminary injunction should not be granted.

3. Shamrock must immediately supply and continue supplying Challenge's requirements of the 16 parts at issue in accordance with the terms in the Original Orders, Updated Orders, and Terms & Conditions, which are attached as Exhibits 1-3 to the Amended Complaint and defined in ¶¶ 14-16 of the Amended Complaint.

4. Until further order of this Court, Shamrock is enjoined from taking any action inconsistent with the terms in the Original Orders, Updated Orders, and Terms & Conditions, including from taking any action inconsistent with firm price and firm delivery-date terms.

**IT IS SO ORDERED.**

Date: August 23, 2021     /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　United States District Judge